UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04091-SVW-PLA | Date | August 22, 2022 |
| Title | *Theresa Brooke v. Mian Extended Stay Inc.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART [16] PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND REQUEST TO AFFIX ATTORNEYS' FEES & COSTS.

### I.   Introduction

Plaintiff Theresa Brooke ("Plaintiff") brings a claim against Mian Extended Stay Inc. ("Defendant") for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182.   After Defendant failed to answer Plaintiff's complaint, the Clerk entered a default.

Plaintiff now brings the instant application for default judgment.   Plaintiff also asks this Court to affix attorney's fees and costs.   For the below reasons, Plaintiff's motion is GRANTED IN PART.

### II.   Motion for Default Judgment

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004).

Upon consideration of Plaintiff's complaint and the materials provided by Plaintiff in support of the application for default judgment, the Court is persuaded that the *Eitel* factors favor granting

|  |  : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04091-SVW-PLA | Date | August 22, 2022 |
|---|---|---|---|
| Title | *Theresa Brooke v. Mian Extended Stay Inc.* | | |

Plaintiff's application. The factual allegations in Plaintiff's complaint establish a claim for a violation of the ADA. *See generally* Dkt. 1; *see also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding default judgment appropriate where complaint sufficiently establishes ADA violation). By failing to appear and oppose, Defendant has admitted all material facts in the pleadings. *Vogel*, 992 F. Supp. 2d at 1012–13. Plaintiff's proof of service indicates proper service, and the declaration of Plaintiff's counsel states that he provided notice to Defendant of the default process. *See* Declaration of Counsel ("Strojnik Decl.") ¶ 12, ECF No. 16-1. Given that Defendant has been properly served, it is unlikely that excusable neglect justifies denying this application. Accordingly, a default judgment is warranted here.

Plaintiff seeks injunctive relief ordering Defendant to mark an access aisle at the passenger loading zone at Defendant's hotel, in compliance with the ADA. The Court finds these steps are "readily achievable" and, accordingly, grants injunctive relief as to this barrier. *Cf. Vogel*, 992 F. Supp. 2d at 1011 ("[E]xamples of readily achievable steps to remove barriers include . . . creating designated accessible parking spaces.").

Plaintiff also seeks the Court to order closure of Defendant's hotel if Defendant does not remediate the alleged barrier within either 30 days (or 60 days—Plaintiff's motion includes both numbers) of judgment. However, Plaintiff cites no authority to suggest that it is appropriate or necessary for the Court to exercise such broad injunctive power at this stage. Accordingly, the Court declines to enter such relief.

### III. Request to Affix Attorney's Fees

Plaintiff also requests $5,250 in attorney's fees and litigation costs.

Reasonable attorneys' fees are calculated as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gates*, 987 F.2d at 1397. To receive attorneys' fees, a party must present "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–6 n.11 (1984). The relevant community is that in which the district court sits. *Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995). For this Court, the relevant community is courts within the Central District of California

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04091-SVW-PLA | Date | August 22, 2022 |
|---|---|---|---|
| Title | *Theresa Brooke v. Mian Extended Stay Inc.* | | |

("District"). A district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, the court "must provide an explanation for the reduction." *Sorenson v. Mink*, 239 F.3d 1140, 1146–47 (9th Cir. 2001).

The Court reviewed the declaration provided by Plaintiff's counsel, which describes counsel's experience and background. Counsel's billing rate is $750.00 per hour, and he claims to perform all of the work on any given ADA case personally. *See* Strojnik Decl. ¶ 7.

"A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434). "[T]he district court is in the best position to discern what work was necessary." *Vargas*, 949 F.3d at 1199 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2013)).

Based on this Court's experience with hundreds of ADA cases, Plaintiff's counsel submitted unreasonably inflated billing records. Counsel's declaration explains that he has filed thousands of ADA/Unruh cases. S*ee* Strojnik Decl. ¶ 4. In this Court's review of case filings in the Central District, counsel has filed approximately *five hundred* cases on Plaintiff's behalf—many of which involve carbon-copy complaints and template documents. This case is no different. It is disingenuous, therefore, that counsel claims to have spent 2.2 hours drafting the complaint and 1 hour "research[ing] and prepar[ing]" the motion for default judgment, billing $750.00 per hour for this time.

"While it is understandable that most ADA cases have similar fact patterns and causes of action, [courts are cautioned] against awarding Plaintiff's counsel a windfall for their carbon-copy complaints and 'entirely boilerplate nature of ... [these] litigation[s].'" *Tate v. Deoca*, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (internal citations omitted).

Accordingly, in light of counsel's familiarity with ADA cases, the simple nature of this case for an experienced attorney, the lack of any opposition whatsoever, and counsel's suspect billing practices, the Court will reduce the total fee award by 60%. *See Ghadiri v. Carpet & Linoleum City*, 2020 WL 6440911, at *2 (9th Cir. Nov. 3, 2020) ("[T]he District Court had great familiarity with cases alleging violations of the ADA and its California state law equivalent. . . . Under these circumstances, the District

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04091-SVW-PLA | Date | August 22, 2022 |
|---|---|---|---|
| Title | *Theresa Brooke v. Mian Extended Stay Inc.* | | |

Court's 'assessment' of the reasonableness of time spent on activities like case analysis, motion drafting, and discovery-related tasks is 'entitled to considerable deference because of the district court's superior understanding of the litigation.'"); *see also Arroyo v. Melendez*, No. 2020 WL 869211, at *7 (C.D. Cal. Feb. 21, 2020) (reducing fees by 50% after default judgment in light of "the redundancy of work, [counsel's] familiarity with [Plaintiff], expertise in the area of law, [and the] straightforward nature of the case involved for the extensively-trained attorneys"); *Fernandez*, 2020 WL 2113673 at *6 (reducing fees by 50% after default judgment in light of boilerplate documents and redundancy of work).

The Court awards $2,100.00 in attorney's fees. The Court also grants Plaintiff's request for $490 in costs—consisting of the filing fee ($400) and service of process ($90).

In sum, the Court awards fees and costs in the amount of $2,590.00.

**IV.     Conclusion**

The Court GRANTS Plaintiff's application for default judgment. Plaintiff is granted injunctive relief, and Defendant is ordered to provide an access aisle at the passenger loading zone at Defendant's hotel, in compliance with the ADA.

Plaintiff's request to affix attorney's fees is GRANTED IN PART. Plaintiff is awarded fees and costs in the amount of $2,590.00.

IT IS SO ORDERED.

Initials of Preparer       :

PMC